UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TRAVIS SINEGAL** | **DOCKET NO. 6:21-cv-1849** |
| | **SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **K.P. GIBSON, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the court is a civil right complaint filed by plaintiff Travis Sinegal, who is proceeding pro se and in forma pauperis. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.   Background

Before the court is the civil rights complaint (42 U.S.C. § 1983) of pro se plaintiff, Travis Sinegal, filed on June 25, 2021.  Sinegal was incarcerated at the Acadia Parish Correctional Center (ACC) in Crowley, Louisiana at the time he filed the instant suit alleging inadequate medical care.  Rec. Docs. 1, 4.

On February 1, 2022, the plaintiff was ordered to amend his complaint to provide additional information regarding his suit and cure certain deficiencies.  Rec. Doc. 8.  That order was mailed to plaintiff at the ACC, yet was returned on February 7, 2022, marked "return to sender."  Rec. Doc. 10.

## II. Law & Application

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Sinegal has failed to comply with an Order directing him amend his complaint. This failure on his part warrants dismissal.

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." Petitioner did not inform the Court of an address change within thirty days of his transfer or release.

## III. Conclusion

Accordingly,

**IT IS RECOMMENDED** that Sinegal's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and Local Rule (LR) 41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 15th day of March, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE